**BOYDEN GRAY & ASSOCIATES PLLC**
801 17TH STREET, NW, SUITE 350
WASHINGTON, DC 20006
(202) 955-0620

March 6, 2023

Honorable Deborah S. Hunt
Clerk of the Court
U.S. Court of Appeals for the Sixth Circuit

Re:   *Consumers' Research et al. v. FCC et al.*, No. 21-3886

Dear Ms. Hunt:

In *Oklahoma v. United States*, No. 22-5487, 2023 WL 2336726 (6th Cir. Mar. 3, 2023) (Ex.A), this Court noted that there are two common types of private nondelegation challenges: (1) where "a private entity creates the law," and (2) where a private entity goes beyond performing "ministerial functions" or is "the principal decisionmaker in the use of federal power." Ex.A.8. *Oklahoma* addressed the former type of challenge and held that the Federal Trade Commission's power to "abrogate, add to, and modify the rules" proposed by the private Horseracing Authority demonstrated that the FTC maintained final rulemaking power.

In the case *sub judice*, Petitioners' private nondelegation challenge is primarily the latter type—i.e., a private party has exercised more than "ministerial functions." As explained in Petitioners' briefing, *see* Pet.Reply.Br.45–49, the record provides no evidence that the Federal Communications Commission actually reviewed and accepted the private entity USAC's demand to impose taxes generating $2.1 billion for Fourth Quarter 2021. The FCC couldn't even be bothered to issue a separate approval document, instead claiming USAC's figures were "deemed approved" automatically—unsurprising, given that the process played out so close to the new quarter that meaningful review was infeasible. Nor was this particular quarter an anomaly. As the FCC's own supporting Intervenors candidly acknowledge, "[t]he FCC has *never* reversed USAC's projections of demand." Suppliers.Br.40 (emphasis added).

This amounts to the sort of agency "'rubber stamping' [that] is impermissible." *Texas v. Rettig*, 987 F.3d 518, 532 (5th Cir. 2021) (favorably cited in *Oklahoma*). An agency must "'independently perform[] its reviewing, analytical and judgmental functions'" when faced with private proposals. *Id.* That reasoning—long adopted by the Fifth Circuit and now blessed by this Court—confirms that the *Proposed Fourth Quarter 2021 Universal Service Contribution Factor* violates the private nondelegation doctrine.[1]

Respectfully,

/S/ R. TRENT MCCOTTER

*Counsel of Record for Petitioners*

BOYDEN GRAY & ASSOCIATES PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
202-706-5488
mccotter@boydengrayassociates.com

cc:   All Counsel

---

[1] Judge Cole's concurrence in *Oklahoma* appears to agree that an agency could not be a "mere rubber stamp" for private proposals. Ex.A.25 (Cole, J., concurring).