**BOYDEN GRAY & ASSOCIATES PLLC**
801 17TH STREET, NW, SUITE 350
WASHINGTON, DC 20006
(202) 955-0620

March 27, 2023

Honorable Deborah S. Hunt
Clerk of the Court
U.S. Court of Appeals for the Sixth Circuit

Re:   Rule 28(j) Response Letter in *Consumers' Research et al. v. FCC et al.*, No. 21-3886, regarding *Consumers' Research v. FCC*, No. 22-60008 (5th Cir. Mar. 24, 2023).

Dear Ms. Hunt:

The Fifth Circuit held the Petition was "undoubtedly" timely. Slip.Op.3–5. This Court should agree. Pet.CA6.Reply.Br.6–15.

The Fifth Circuit acknowledged the FCC possesses "a unique revenue raising mechanism," Slip.Op.11, with an "absence of a limit on how much the FCC can raise for the USF," Slip.Op.7, but erroneously upheld the USF revenue-raising mechanism anyway.

*First*, the court never addressed Petitioners' argument that an "intelligible principle" *in the context of revenue-raising*—where Congress is the expert—requires some kind of objective limitation. Pet.CA6.Reply.Br.18–25. Rather, the court held that "the intelligible principle standard" is violated *only* "where Congress has provided 'no guidance whatsoever' to an agency." Slip.Op.7. But that is not the standard even for technical, variegated matters. *Am. Power & Light Co. v. SEC*, 329 U.S. 90, 105 (1946) ("Congress [must] *clearly delineate[]*…the boundaries of this delegated authority."). Nor did the court address the unique "dual-layer delegation" given to the FCC. Pet.CA6.Reply.Br.27–28.

*Second*, the court said § 254(b) imposes substantive "require[ments]" "to ensure that telecommunications services are: (1) of decent quality and reasonably priced; (2) equally available," etc.

Slip.Op.8. But *the FCC itself* says those § 254(b) principles are "'aspirational only.'" Pet.CA6.Reply.Br.26. "[A]n agency's voluntary self-denial" of such broad statutory discretion cannot defeat a nondelegation challenge. *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 473 (2001).

*Third*, the court believed "§ 254 requires that the FCC only raise enough revenue to satisfy its primary function," Slip.Op.10, but the D.C. Circuit and *the FCC itself* have concluded that the FCC can raise more funds than necessary, Pet.CA6.Reply.Br.22. The Fifth Circuit also cited § 254(c) and (e) as supposedly limiting the "distribution of USF funds," Slip.Op.11, but again *the FCC itself* agrees that "'spending decision[s]' are 'irrelevant,'" Pet.CA6.Reply.Br.32. Those sub-sections don't impose meaningful limits, anyway. Pet.CA6.Reply.Br.32–35&37–38.

Finally, the court found no private nondelegation violation despite the FCC never bothering to issue a separate approval of USAC's quarterly proposal and having only "a small window" for review. Slip.Op.13–14. There's not even a pretense of independent FCC consideration. If that's not "'rubber stamping,'" nothing is. Pet.CA6.Reply.48.

Respectfully,

/S/ R. TRENT MCCOTTER

*Counsel of Record for Petitioners*

BOYDEN GRAY & ASSOCIATES PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
202-706-5488
mccotter@boydengrayassociates.com

cc: All Counsel